### SAMICH v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 28, 1927.

No. 5149.

1. **Intoxicating liquors** ⚖➡236(4)—**Evidence held to justify finding that defendants aided and abetted each other in sale and possession of liquor (National Prohibition Act [27 USCA]).**

In prosecution for numerous violations of National Prohibition Act (27 USCA), evidence *held* sufficient to justify finding that each defendant aided and abetted the others in sale and possession of intoxicating liquor, or that all were engaged in common conspiracy to possess and sell liquor.

2. **Intoxicating liquors** ⚖➡167—**Where several persons aid and abet each other in selling and possessing liquor, each is responsible for all sales.**

Where several persons aid and abet each other in sale and possession of intoxicating liquor, or are engaged in common conspiracy to possess and sell it, each is responsible for all sales made by the others.

3. **Criminal law** ⚖➡1136—**One of several defendants in liquor case held not prejudiced because jury failed to convict for sales by others, as it might have done (National Prohibition Act [27 USCA]).**

In prosecution of several defendants for numerous violations of National Prohibition Act (27 USCA), one defendant *held* not prejudiced because jury failed to find him guilty of sales made by others, as they might have done, and he cannot complain that other defendants were acquitted of sales made by him.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington.

Mike Samich was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Arthur E. Simon and David Spalding, Asst. U. S. Attys., all of Seattle, Wash., for the United States.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judge.

RUDKIN, Circuit Judge. This is a writ of error by one of the defendants to review a judgment of conviction under three counts of an indictment charging numerous violations of the National Prohibition Act (27 USCA). The information contains 11 counts in all. The first 9 counts charge the plaintiff in error and two others jointly with the sale of intoxicating liquor on diverse dates between February 20 and December 9, 1925; the tenth count charges the same three parties with the unlawful possession of intoxicating liquor on December 10, 1925; and the eleventh count charges them with the maintenance of a common nuisance during the entire period covered by the several sales. Counts 1, 2, and 5 were dismissed on motion of the United States attorney, and the jury returned a verdict of guilty against the plaintiff in error as to counts 3, 7, and 10, against another defendant as to count 10, and against the third defendant as to counts 7, 8, and 10. A verdict of not guilty was returned as to the remaining counts.

[1, 2] When the government closed its case, the plaintiff in error moved the court to require it to elect on which of the several counts it would proceed, and the denial of this motion is assigned as error. If, as contended by the plaintiff in error, the testimony on the part of the government went no further than to show that the offenses charged in the information were all several, and not joint, there might be merit in the motion to require an election. See 1 Zoline's Federal Criminal Law and Procedure, § 218; Birmie v. United States, 200 Fed. 726. But, as we view the record, that question is not here involved.

The testimony before the court at the time the motion to require an election was interposed tended to show that the sales were all made in a soft drink parlor, containg a lunch counter; that the plaintiff in error made sales at the place on April 24, 1925, and May 25, 1925; that he assisted in making a sale on December 8, 1925; that he was seen in the place on other occasions; that Graham, another defendant, was present in the place and made a sale on August 1; that he was again present when the place was raided on December 10; that receipts for

22 F.(2d)—43

light bills in the place from May to August, inclusive, were found on his person when arrested; that the third defendant was tending bar thereon November 9, 1925; that he assisted in making a sale on December 8, 1925; and that he was present at the time of the raid on December 10, 1925. The testimony offered in support of the remaining counts has not been brought up, but from the testimony in the record the jury would have been warranted in finding that each of the parties charged aided and abetted the others in the sale and possession of intoxicating liquor at the place, or that all three parties were engaged in a common conspiracy to possess and sell intoxicating liquor there, and in either case each of the parties so charged would be responsible for all sales made by the others. There was, therefore, no error in the denial of the motion to require an election.

[3] A motion for a directed verdict of not guilty was interposed on the same ground, and the denial of this motion, or request, is assigned as error. The jury by their verdict apparently found each of the defendants guilty of the particular sale or sales made by him, and not guilty of sales made by the others; but of this the plaintiff in error cannot complain. In other words, he was not prejudiced by the fact that the jury failed to find him guilty of sales made by the other defendants, when they might have done so; nor can he complain of the fact that the other defendants were found not guilty of the sales made by him.

The judgment of the court below is affirmed.