## UNITED STATES v. SCARBOROUGH.
### No. 6479.

Circuit Court of Appeals, Ninth Circuit.
March 21, 1932.

Geo. J. Hatfield, U. S. Atty., and H. A. Van Der Zee, Asst. U. S. Atty., both of San Francisco, Cal.

Frederic C. Benner and Alvin Gerlack, both of San Franciso, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and McCORMICK, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment of the District Court, sitting without a jury, in favor of the appellee, hereinafter referred to as the plaintiff, upon a policy of war risk insurance issued to a deceased veteran of the World War during his lifetime.

At the close of the plaintiff's case, defendant moved for a nonsuit upon the ground that plaintiff had not made out a prima facie case, in that there was no evidence of total and permanent disability incurred prior to the date upon which the policy lapsed; at the close of the entire case defendant made a motion for judgment in its favor upon the ground that the evidence was insufficient to justify a judgment for the plaintiff. Both motions were by the court denied, to which rulings of the court the defendant duly excepted.

The sole question to be determined is the sufficiency of the evidence to support the judgment; in other words, whether there is substantial evidence to establish plaintiff's claim that the deceased veteran was totally and permanently disabled prior to the date upon which the policy lapsed.

The applicable rules of law in cases of this character are so familiar and have been so often announced by this and other courts in recent cases that it would seem futile to refer to or repeat them here. It is fundamental that this court, in determining the question here presented, must view the evidence in the light most favorable to the appellee, and must affirm the findings and conclusions of the trial court if they are supported by any substantial evidence.

The deceased veteran, Floris Scarborough, enlisted in the United States Army on September 25, 1917, and was discharged therefrom on April 4, 1919. He died in the Marine Hospital in Buffalo, N. Y., on March 20, 1920. While in the service he took out a policy of war risk insurance in the sum of $10,000, upon which the premiums were paid up to the date of his discharge. Appellee, Flora H. Scarborough, his mother, was designated as the beneficiary of said insurance.

It would serve no useful purpose to set forth or quote the testimony in detail. Suffice it to say that it tends to show that prior to the time that Floris Scarborough, the deceased veteran, entered the army, he was in good health and worked as a laborer on a farm located near Middleport, N. Y.; that while in the service overseas he received gunshot or shrapnel wounds in the left leg; that at the time he was discharged from the army he was ill and unable to work, and because of his weakened condition did not do any work after his return from the army. From a consideration of the testimony, both lay and medical, we cannot say there was no substantial evidence to sustain the findings and conclusions of the trial court. Those findings and conclusions are as follows:

### Findings of Fact.

"5. That on October 3, 1918, while serving the defendant as aforesaid [i. e., as a private in the United States Army], Floris Scarborough, deceased, contracted certain injuries, diseases and disabilities resulting in and known as gunshot wound, high explosive, shell shock; traumatic neurosis and septicemia, and that said diseases, injuries and disabilities continuously since April 4, 1919, rendered and up to the time of the death of said Floris Scarborough on March 20, 1920, con-

tinued to render said Floris Scarborough wholly unable to follow continuously any substantially gainful occupation and on said date such diseases, injuries and disabilities were of such a nature and founded upon such conditions that at said time it was reasonably certain they would continue throughout the lifetime of said Floris Scarborough, in approximately the same degree. That ever since April 4, 1919, said Floris Scarborough, deceased, was permanently and totally disabled at all times from said date up to the time of his death on March 20, 1920."

### Conclusions of Law.

"3. That the plaintiff Flora H. Scarborough, as administratrix of the Estate of Floris Scarborough, deceased, is entitled to judgment against the defendant in the sum of $57.50 for each and every month beginning April 4, 1919, up to and including the time of his death on March 20, 1920, less an attorney's fee of ten percentum (10%) as herein provided.

"4. That the plaintiff Flora H. Scarborough is entitled to judgment against the defendant for the monthly installments of insurance from the date of death of said Floris Scarborough up to and including the time of the commencement of the above entitled action on June 14, 1929, less an attorney's fee of ten percentum (10%) herein provided."

The judgment is affirmed.