## NOLAN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 4, 1929.

(No. 5649.)

Edward M. Connelly, of Spokane, Wash., for appellant.

H. E. Ray, U. S. Atty., and William H. Langroise and Sam S. Griffin, all of Boise, Idaho, for the United States.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. This is an appeal from a judgment of conviction under the National Prohibition Act (27 USCA). The information charged, in four counts, the unlawful possession of spirituous liquor, commonly known as moonshine whisky; the unlawful possession of property designed for the manufacture of intoxicating liquor; the unlawful manufacture of intoxicating liquor, commonly known as moonshine whisky; and the maintenance of a common nuisance—all on the 26th day of December, 1927, at Lewiston Orchard Tracts, in the county of Nez Perce, state of Idaho. The testimony on the part of the government tended to show that the residence on the Burns place on the Orchard Tracts in question was destroyed by fire on the date mentioned in the information, and that while the fire was in progress, and afterwards, large quantities of intoxicating liquor, known as moonshine whisky, were found in the house, together with the usual paraphernalia for its manufacture.

Without going into unnecessary detail, suffice it to say that the testimony shows all but conclusively that some person or persons had there violated the National Prohibition Act in manner and form as charged in the several counts of the information. Without seriously controverting this, the appellant questions the sufficiency of the testimony to connect him with the premises, or with the several crimes committed therein. But the testimony was ample in that regard. A number of neighbors testified that the appellant resided on the premises from September up to the time of the fire, in the latter part of December. One of these testified that he observed the odor of alcohol, or wood alcohol, coming from the premises on different occasions during that period, and that during the same period he was given moonshine whisky to drink on the premises. By whom the witness did not state. Another witness testified that newspapers bearing the name and address of the appellant were found in the house, and in the mail box in front of the house, and, without referring to other cir-

cumstances, the foregoing was ample to carry the case to the jury.

It is likewise contended that the court erred in admitting testimony tending to show the commission of other crimes. One of the government agents testified that he found an empty gin bottle and some oil of juniper upon the premises, and that the latter is used in the manufacture of gin. It is claimed that this was error, because the information charged only the manufacture of moonshine whisky. But this was a mere detail of what was found on the premises, and tended in no way to connect the appellant with the commission of any crime. At best, it only tended in a remote way to show that gin might have been manufactured there, and, if the appellant was not responsible for what was done on the premises, he was not prejudiced by the testimony. If responsible, the testimony could do no harm.

The government further offered testimony tending to show that the appellant kept a Ford coupé at the Burns place, and that on about 10 different occasions from September to the date of the fire he delivered moonshine whisky in jugs concealed in sacks to a taxi driver at Lewiston, by means of this coupé. This testimony, no doubt, tended to show the commission of other crimes; but, if it also tended to show the commission of the crimes charged in the information, the appellant cannot complain, and the testimony clearly had some tendency in that direction. Hass v. United States, 31 F.(2d) 13, just decided by this court.

Error is assigned to certain portions of the charge to the jury, but no exception was taken to the charge and these assignments call for no consideration.

We find no error in the record, and the judgment is affirmed.