**UNITED STATES v. COHEN et al.**

No. 63.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1941.

Writ of Certiorari Denied Mar. 2, 1942.

See 62 S.Ct. 796, 86 L.Ed. ——.

Saul Price, of New York City, for appellant Philip Cohen.

Henry G. Singer, of Brooklyn (Henry G. Singer and Hamilton Lieb, both of Brooklyn, of counsel), for appellants Abraham Lorber and Albert Angelson.

Herbert Zelenko, of New York City, for appellant Samuel Bernstein.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and James G. Scileppi, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee United States of America.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The defendants were indicted and convicted under two counts (1) for knowingly concealing and facilitating the concealment of three grains of morphine knowing that it was imported contrary to law and (2) for knowingly concealing and transporting and facilitating the concealment and transportation of thirty-nine ounces of morphine knowing the same to have been so imported. Both counts charged a violation of U.S.C.A. Title 21, Section 174, which reads as follows: "If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more that $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

U.S.C.A. Title 18, Section 550, provides that: "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

The defendants were all convicted upon both counts and each has appealed. Under the first statute we have quoted it was only necessary to show possession of the narcotics to establish guilt and under the second statute, making an abettor a principal, it was not necessary that each of the defendants should have had the narcotics, but only that one or more of them had possession while the others aided in the illicit transaction to which that possession was incidental. United States v. Hodorowicz, 7 Cir., 105 F.2d 218, 220, certiorari denied, 308 U.S. 584, 60 S.Ct. 108, 84 L. Ed. 489; Vilson v. United States, 9 Cir., 61 F.2d 901.

The denial of the very usual motions for severance and separate trials (which it is to be observed the defendant Bernstein did not make) is relied upon as a ground for reversing the judgment. Ordinarily the granting of such motions is within the discretion of the trial court and, where the charge against all the defendants may be proved by the same evidence and results from the same series of acts

as was the case here, the discretion should not be interfered with. United States v. Smith, 2 Cir., 112 F.2d 83, 85. Cohen objected to being tried with the others because he was under indictment for murder in the State Court. We can see no relevancy in this objection. The objection, if good, would prevent his trial singly. Lorber and Angelson objected because they had acted as spies for the police in narcotic cases and might have given some of the evidence leading to the trial and also because their co-defendants were hostile to them. The first objection and indeed the second do not justify interference with the discretion of the trial judge. It is common in cases of joint indictments that there is hostility of some of the defendants to the others and that they will try to save themselves by placing the blame on their associates in the crime. The jury can, and does, weigh the inducement of some defendants to implicate others in determining guilt. We find no error in the disposition of the motion to compel a severance and hold that the order denying it should be affirmed.

█ Sufficient proof was offered to justify the verdict of conviction. The evidence involved transactions proved in the conspiracy for which Louis Adelman was convicted and which we dealt with in United States v. Adelman, 2 Cir., 107 F.2d 497. The indictment in the present case was for the substantive offenses of concealing morphine, rather than for conspiracy, but a conspiracy to conceal was thoroughly proved. Accordingly the admission of certain items of evidence against only single defendants could not have been injurious to the others for the proof so admitted related to acts and declarations occurring in the course of the conspiracy and clearly admissible against all defendants.

The government offered proof that Adelman met the defendant Bernstein and was informed by the latter that if he could only get someone to advance money for morphine he had a process whereby he would be able to "duplicate" a given amount of the drug, making two ounces out of one. Adelman then got hold of the defendant Lorber who approached the defendant Cohen and told him about the formula for dissolving morphine and making two ounces out of one. After this interview Cohen furnished one ounce of morphine, gave it to Adelman, who in turn gave it to a man named Schildwach who delivered it to Bernstein. The latter made two ounces out of it and gave two cubes to Adelman. Later Cohen brought seventeen more ounces to Adelman, Lorber being present, and gave the package to Adelman and Adelman to Bernstein. Soon after Cohen gave twenty-two ounces more to Adelman. Cohen also advanced $40 to buy equipment for Bernstein in order to reduce the morphine and the defendant Angelson furnished his car to transport the equipment to Adelman's house where Bernstein duplicated the number of ounces with which he had been supplied. Angelson also took Adelman in his car on three occasions to meet Bernstein and was present in Lorber's office with Cohen when Lorber gave diluted cubes of the narcotic to Cohen. There was also proof that Cohen and another man named Mandy Weiss, who both seemed to have acted as the financiers of the enterprise, were to receive 50 per cent as their share in the returns, that Bernstein was to have 25 per cent, Adelman and Schildwach 6¼ per cent each and Lorber and Angelson 6¼ per cent each.

The federal agents who visited Adelman's apartment at the time of making his arrest found there the equipment for cutting and diluting the morphine and clinging to it minute particles which the narcotic agents' tests indicated to be morphine. There was evidence that utensils used in the manufacture were washed before the manufacture began and that after it ended they remained in Adelman's house until found by the agents with traces of morphine on them. We can see no lack of proof as against any of the defendants. They all seem to have been thoroughly implicated in committing or in aiding and abetting in the commission of the offenses charged.

█ The argument that the admission of proof of manufacture and sale of narcotics was improper, when the charge only related to possession, has no reasonable basis. The evidence of manufacture and sale necessarily tended to prove possession for the very purpose of a later sale. Moore v. United States, 150 U.S. 57, 14 S.Ct. 26, 37 L.Ed. 996; United States v. Hodorowicz, 7 Cir., 105 F.2d 218, 220 (C. C. A. 7), certiorari denied, 308 U.S. 584, 60 S.Ct. 108, 84 L.Ed. 489; Nolan v. United States, 9 Cir., 31 F.2d 426, 427.

The defendant Cohen has especially objected to the conduct of the district attor-

ney in questioning him about whether he was employed by Lepke from 1930 to 1940 and in showing by oral testimony that he was convicted in Philadelphia of an unknown crime upon a plea of nolo contendere.

The question as to Lepke was not only unanswered but the judge stated in substance that it had nothing to do with the issues. It is incredible that there should be reversible error in such an inconspicuous item. As regards the proof of conviction under the plea of nolo contendere, while the proper mode of contradicting Cohen's testimony that he had never been convicted of a crime or found guilty in Philadelphia was to produce a certified copy of the judgment of conviction, the conviction if shown in the conventional manner rather than by the oral testimony would have been competent. The conviction shown was not only upon the plea of nolo contendere but sentence was suspended. Under these circumstances, we cannot regard the substitution of oral proof for a certified copy of the conviction as an error calling for reversal.

Bernstein objected to the testimony of Adelman on cross examination that he had been called as a witness against Bernstein some years before. The court instructed the jury that this evidence should not be considered in its deliberations and had no bearing on the issues before it. Bernstein likewise objected to statements about his arrest on March 21, 1940. The testimony, however, was directed to articles found by government agents in Bernstein's apartment and these articles were excluded by the court on the ground that it did not appear which of them was owned by Bernstein and which belonged to his son. We can see nothing in the objection. Doubtless if the judge had been asked to instruct the jury to disregard the statement as to Bernstein's arrest he would have granted the request after Exhibits 24 and 25 for Iden. were found to be inadmissible.

Objection is also made by the defendants Lorber and Angelson to curtailment of cross examination. The cross examination had already been greatly prolonged. We cannot see that the trial judge abused his discretion.

Last of all it is contended that the charge of the court was so confusing as to deny the defendants a fair trial. This objection really arises from the limitation which the court placed upon evidence which it admitted only against a single defendant which was admissible against them all upon proof that they were engaged in a common enterprise. The rulings and portions of the charge which are criticized were advantageous to the defendants and cannot possibly be regarded as a ground for reversal.

We can see no other objections to the course of the trial which require comment.

Judgment affirmed.