**170**

**UNITED STATES of America,**

**v.**

**Joseph CAFARO, Anthony Cariffe, Donald Cuddeback, Saul Goldstein, Sol Gordon, Irving Greenberg, Ashton Rowell, George Sankey, Moe Spaner and Marvin Earl Woods, Defendants.**

United States District Court
S. D. New York.

Nov. 17, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for the United States. Allen McGrath, Asst. U. S. Atty., Kew Gardens, N. Y., of counsel.

O'Donnell & Condon, Yonkers, N. Y., for defendant George Sankey. James J. O'Donnell, Yonkers, N. Y., of counsel.

WEINFELD, District Judge.

George Sankey moves pursuant to Rule 14 of the Federal Rules of Criminal Procedure 18 U.S.C.,[1] for an order of severance of the twenty-second and twenty-third counts from the remaining twenty-one counts of an indictment on the ground that a joint trial will be to his prejudice. He is named as a defendant in only the twenty-second and twenty-third counts. These charge two separate conspiracies centering about home improvement financing for homeowners through Federal Housing Administration insured loans of the Peoples Savings Bank of Yonkers, of which Sankey was an officer.

In general, the twenty-second count charges that Sankey and six other defendants conspired to obtain such financing by the submission to him of loan applications supported by documents containing false statements; that it was part of the conspiracy that the other co-defendants would give Sankey money or other consideration as inducements to procure loans for homeowners; that it was also part of the conspiracy that he would procure loans without establishing the financial responsibility of the homeowners; and that the conspiracy encompassed the misapplication of bank funds by the procuring of said loans by Sankey. In sum, the basic charge is a conspiracy to obtain FHA insured financing by means of false documents (18 U.S.C. § 1010) and to misapply funds of an insured bank (18 U.S.C. § 656).

The twenty-third count charges the same defendants with a substantially similar conspiracy, except that its principal objective was to violate section 220 of Title 18, which makes it an offense for an officer of a bank insured by the Federal Deposit Insurance Corporation to receive a gift or thing of value for procuring a loan from such a bank.

The first twenty counts charge substantive offenses,[2] the making or uttering of false statements in FHA Title I Completion Certificates,[3] which were delivered to and filed with the Peoples Savings Bank for the purpose of obtaining from it FHA insured loans or advances. All the substantive charges fall within the period of the conspiracies as set forth in counts twenty-two and twenty-three. One or more of the defendant's six alleged co-conspirators are named in each of the substantive counts.

From the foregoing it appears that the substantive counts, and the conspiracy counts in which Sankey is named, center about a related series of events. The charges are so intertwined that evidence to support the substantive counts would necessarily throw light upon and be admissible to establish the claimed conspiracies.[4] Under this circumstance, there is no basis upon which the defendant can reasonably assert prejudice if all the counts are tried at the same time. Indeed, even if there were no substantive charges, the Government, to support the conspiracy allegations, would be free to offer evidence which, incidentally, would establish the commission of substantive offenses.

1. "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

2. The twenty-first count charges a conspiracy to violate 18 U.S.C. § 1010, but the moving defendant is not named therein.

3. Except that one count charges the making and uttering of a false statement in a credit application.

4. Cf. Pointer v. United States, 1894, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208.

The issues presented by the various counts of the indictment are comparatively simple. Evidence which may be inadmissible against Sankey and yet admissible against defendants named in the substantive counts presents no unusual problem in the conduct of a trial. Proper admonitory statements to the jury at the time the evidence is received and appropriate instructions can adequately protect the defendant's right to have the case against him considered separately.[5] To be sure, since guilt is personal, the ideal of perfection would be that each defendant face a jury of his peers in a separate trial where evidence admissible only against him would be heard by the jury. Thus, any danger of transference of the illicit conduct of others to the defendant[6] would be eliminated. Since the ideal is unattainable—either because of the nature of many crimes, or for other practical reasons—the defendant is entitled to a separate trial as a matter of right only upon a showing of prejudice and this he has failed to establish. Accordingly, the motion is denied.

■ The defendant's motion for a bill of particulars is granted to the following extent:

With respect to paragraphs three and four of the twenty-second and twenty-third counts, respectively, the Government will identify, by the name of the applicant, not more than ten applications which, upon the trial, it will contend were submitted to the defendant Sankey, specifying:

(a) which were oral and which were written; and

(b) in what respects it is claimed the statements contained in such applications were false.

If there were less than ten applications in all, then the Government shall furnish the information as to all.

The requirement that the Government need not give particulars with respect to more than ten shall not preclude it from offering evidence of any other applications upon the trial.

Except to the extent granted herein, the balance of the motion for a bill of particulars is denied.

Settle order on notice.

5. Cf. Schaffer v. United States, 1960, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921; Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278; Opper v. United States, 1954, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Caron, 2 Cir., 1959, 266 F.2d 49.

6. Cf. Kotteakos v. United States, 1946, 328 U.S. 750, 774, 66 S.Ct. 1239, 90 L. Ed. 1557.