UNITED STATES of America,

v.

NOMURA TRADING CO., Ltd. (Osaka, Japan) et al., Defendants.

United States District Court
S. D. New York.

Jan. 11, 1963.

705

Vincent L. Broderick, U. S. Atty. for Southern District of New York, New York City, T. F. Gilroy Daly, Asst. U. S. Atty., of counsel, for United States of America.

Adelman & Fagelson, Bay Shore, N. Y., Frederick Fagelson, Bay Shore, N. Y., of counsel, for defendant Seymour Schneps.

Harold O. N. Frankel, New York City, for defendants Denis Cronin and Mathworth Corp.

Irving Mendelson, New York City, for defendant Jonas Kassel.

Royall, Koegel & Rogers, New York City, for defendants Nomura (America) Corp., Toshiharu Hasegawa and Tetsuro Kuroshima.

WEINFELD, District Judge.

These are a series of motions made by seven out of a total of twenty-two defendants named in an indictment charging all in one count with conspiracy and various of them with substantive offenses in fifty-eight additional counts. The conspiracy count alleges that all the defendants conspired to violate sections 542 and 1001 of Title 18 United States Code, by the importation of children's dresses into the United States through Customs at the Port of New York by means of false and fraudulent statements, invoices, declarations and affidavits, which under-valued the goods upon their entry at Customs, and failed accurately to reflect in documents submitted to Customs officials the true purchase price of the said goods.

Substantive counts "Second" through "Forty-Sixth" charge that the named defendants wilfully and knowingly introduced into the commerce of the United States imported children's dresses by

means of false statements, declarations and affidavits contained in Customs Warehouse Entries and Customs Consumption Entries in that the documents reflected a purchase price less than the true price. Each declaration on a specific date is made the subject of a separate offense in violation of section 542 of Title 18. Counts "Forty-Seventh" through "Fifty-Ninth" allege violations of section 1001 of Title 18, based upon alleged fraudulent statements in documents submitted to the Collector of Customs, the essence of each charge being a misstatement of the prices at which the dresses had been purchased.

## THE MOTIONS OF DEFENDANT SCHNEPS

Schneps, who is named in the conspiracy count only, moves:

1. To dismiss the conspiracy count.
2. To sever his trial from that of the other defendants.
3. To direct the service of a bill of particulars.
4. To adjourn the trial pending the taking of the deposition of Shotaro Suzaki.

### 1. *THE MOTION TO DISMISS THE CONSPIRACY COUNT*

 The defendant's principal attack upon the conspiracy count is a claim of lack of legal evidence before the grand jury. This rests principally upon statements made by the defendant and his attorney protesting his innocence, which, of course, the law presumes. The asserations by each, of emotional content, that the indictment is "a terrible miscarriage of justice," and inflicts a "great wrong" upon the defendant, who is described as a "tragic victim of circumstances," are of no probative value. They furnish no basis for assuming that the grand jury disregarded its oath and returned the indictment without any evidence to support it. The indictment is favored with the presumption that it was properly returned. It appears valid on its face and thus is sufficient to require a trial upon the merits.[1] Much of the matter set forth in the affidavits of the defendant and his attorney, i. e., that he did not receive actual invoices, but only invoice memos which did not contain prices, goes to his defense and is insufficient to overturn the indictment.

As to the further contention that the conspiracy count is vague as to the moving defendant, this appears to rest on his joinder together with all other alleged co-conspirators and the lack of specification of the date when it is alleged he joined the conspiracy. The moving defendant stresses the fact that it is alleged the conspiracy commenced on September 1, 1959 and continued to the return of the indictment, May, 1962, whereas he worked for one of the corporate defendants from February, 1960 to May, 1961.

 It requires no citation of authority for the proposition that one who knowingly and intentionally joins a going conspiracy, aware of its objectives, may be held, whether his role was minor or major and whether or not he knew all the alleged members of the claimed conspiracy. The indictment upon its face meets the test set forth in Wong Tai v. United States,[2] since it sufficiently apprises the defendant of the nature of the charge against him to enable him to prepare for trial and to plead any judgment which may be rendered as a bar to further prosecution for the same offense.

 The fact that the scope of the conspiracy is alleged to have embraced violations of sections 542 and 1001 of Title 18 does not render it duplicitous, as defendant contends. A single conspiracy may contemplate the commission of several offenses.[3] Neither is the indictment duplicitous because of the joinder of the conspiracy charge against all the

1. See Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

2. 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927).

3. See Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942).

defendants, with the substantive counts naming only some of them. The indictment comes well within the authority of Rule 8 of the Federal Rules of Criminal Procedure. Of course, whether the joinder is prejudicial so as to require a separate trial presents a different issue under Rule 14, which invokes the Court's discretion and will be treated separately.

The Court has fully considered all the arguments advanced in support of the motion to dismiss and finds them wanting; accordingly, this branch of the motion is denied.

## 2. THE MOTION FOR A SEVERANCE AND A SEPARATE TRIAL

The defendant alternatively asks that the conspiracy count in which he and all the defendants are included be severed and tried separately from the fifty-eight substantive counts in which one or more of the defendants are named.

The defendant here presses that to require him to stand trial with those charged with substantive offenses will require him to sit through a long trial revolving about matters in which he is not involved and impose a burdensome expense which he can ill afford; and, further, that the evidence which may be offered and admissible only against those defendants will spill over and adversely affect him, no matter what admonitory instructions are issued to the jury.

 The first position has some plausibility and, were that the sole factor, I would be inclined to grant a separate trial as to the conspiracy count and not require the defendant to sit by while evidence is offered as to other defendants on the fifty-eight substantive counts. The Government's proof to establish the conspiracy count necessarily, in large measure, will include the very evidence it will have to rely on to establish the substantive counts against the individ-

uals named therein and who are also named with the moving defendant in the conspiracy count. Thus, in practical terms, a severance would serve no real purpose to the defendant. He would still be subject to the same time and expense requirement. And, of course, it is in the public interest to avoid duplicitous and time-consuming trials where this can be done without prejudice to a defendant's right to a fair trial.[4]

As to the claim of prejudice if tried with his codefendants on the conspiracy charge, the problem is one common to all conspiracy trials—the protection of an alleged co-conspirator against the likely prejudicial impact of statements or acts incompetent against him but competent against the other alleged co-conspirators.

 Apart from this usual problem, the defendant further urges that his interests are antagonistic to those of several defendants, some of whom he has sued on matters arising out of the transactions which are the subject matter of his indictment; but neither this circumstance, nor the usual problems arising out of his joinder with all the alleged co-conspirators, considered either singly or together, warrants the conclusion at this time upon the papers here presented that a joint trial will deprive him of a fundamentally fair trial.[5] This issue can best be resolved against the development of some evidence upon the trial, and the matter should be left for determination by the Trial Judge, who is in a position to exercise an informed judgment.[6]

This branch of the motion is denied with leave to renew upon the trial.

## 3. THE MOTION FOR A BILL OF PARTICULARS

 The defendant seeks particulars of items which, in some respects, paral-

4. See United States v. Verra, 203 F.Supp. 87 (S.D.N.Y.1962); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y. 1962), appeal docketed, Sept. 11, 1962, No. 27784.

5. See United States v. Cohen, 124 F.2d 164 (2d Cir., 1941), cert. denied sub

nom. Bernstein v. United States, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210 (1942).

6. United States v. Kahaner, 203 F.Supp. 78, 82 (S.D.N.Y.1962), appeal docketed, Sept. 11, 1962, No. 27784.

lel those which this Court has heretofore declined to grant in other conspiracy cases on the ground it would be tantamount to a preview of the Government's case in advance of trial.[7]

The motion for a bill of particulars is granted only to the extent of requiring the Government to serve a bill of particulars setting forth with respect to overt act 8, in which the defendant Schneps is named:

(a) describe in what particular file of Mathworth Corporation it is claimed the alleged false and fraudulent documents relating to Customs were located;

(b) state whether it will be claimed that he had physical possession of such documents on the day in question or, if constructive possession is claimed, set forth the facts upon which it will be relied to establish such constructive possession;

(c) a copy of each such false and fraudulent document;

(d) in what respect it is claimed to be false and fraudulent.

The defendant also seeks information as to the present whereabouts of Shotaro Suzaki, a co-defendant who, it was stated upon the argument, is a national of Japan and is believed presently to be there and thus beyond the jurisdiction of the Court. Schneps contends that Suzaki was the chief architect of the entire scheme charged in the indictment and that Suzaki is a necessary and material witness whose testimony would completely exonerate him.

■ Since Suzaki is a defendant, his testimony cannot be compelled, even assuming the process of the Court could command his attendance as a witness before the American Consul under the appropriate rule and applicable statute. There is no indication that Suzaki either is prepared to waive his privilege against self-incrimination or to testify as a witness on behalf of Schneps. In this circumstance there is no basis for an adjournment of the trial pending the taking of his deposition.

■ However, the defendant should be furnished particulars, to the extent that the Government is in possession thereof, as to the present address of Suzaki. If the Government is without such information, it shall so state and furnish his last known address.

## THE MOTIONS OF DEFENDANTS CRONIN AND MATHWORTH CORPORATION

### 1. *MOTION TO INSPECT GRAND JURY MINUTES*

■ These defendants seek an order to inspect the grand jury minutes or, in the alternative, that the Court inspect the minutes and on its own motion dismiss the indictment against them on the ground of insufficient legal evidence before the grand jury. The moving papers of these defendants are barren of any probative matter and upon this ground alone the motion is denied.

### 2. *MOTION TO SUPPRESS*

The defendant Cronin also moves to suppress all evidence adduced through his testimony as a witness before the grand jury and that obtained through the corporate records of Mathworth Corporation which were produced before the grand jury in his capacity as an officer.

■ As to his individual contention that he was the target of the grand jury inquiry, the minutes establish that he was advised of his constitutional right against self-incrimination before the grand jury and further that immediately before he testified he had been so advised by his attorney. It appears that his testimony was, under the circumstances, given freely and voluntarily.[8]

7. Id. at 84.

8. See United States v. Cleary, 265 F.2d 459 (2d Cir.), cert. denied, 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548 (1959); United States v. Klein, 247 F.2d 908, 921 (2d Cir., 1957), cert. denied, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958); United States v. Block, 88 F.2d 618, 621 (2d Cir.), cert. denied, 301 U.S. 690, 57 S.Ct. 793, 81 L.Ed. 1347 (1937); United States v. Cardall, 189 F.Supp. 660 (S.D.N.Y.1960).

As to the production of the corporate records in his capacity as an officer, nothing more need be said than to cite Wilson v. United States.[9]

### 3. MOTION FOR BILL OF PARTICULARS

█ In general, these defendants also seek minutiae of the conspiracy count which would amount to a full exposure of the Government's evidence in advance of trial. These motions are granted only to the extent indicated hereinafter.

The Government shall furnish, with respect to overt act 8 insofar as it names Cronin, the same information as that ordered in the instance of the defendant Schneps. As to overt act 3, set forth, if known, the name of the person or persons with whom the defendant Cronin spoke or had any transaction relating to the subject matter of the alleged conspiracy while in Osaka, Japan. Also state, with respect to the conspiracy count, which individual or individuals' acts, conduct and statements will be relied upon to hold the defendant Mathworth Corporation criminally liable.

With respect to each substantive count, set forth a true and correct copy of the statement, invoice or declaration which the Government alleges is false, and state in what respect it is claimed to be false or fraudulent. State whether it will be claimed that the defendant Cronin personally submitted any of the documents referred to in the substantive counts to any agency or branch of the United States Government; if not so claimed, then state whether it will be contended he is criminally liable by reason of the provisions of section 2 of Title 18, United States Code.

As to the Mathworth Corporation, state which individual or individuals' acts, conduct or statements the Government will rely upon to hold it criminally liable.

### THE MOTIONS OF DEFENDANT KASSEL

### 1. MOTION TO DISMISS INDICTMENT

█ This defendant seeks dismissal of the indictment upon substantially the same grounds made by the defendant Cronin, to wit, that he appeared and testified before the grand jury in response to a subpoena without having first been advised of his constitutional right. In this instance, too, the grand jury minutes indicate that he was properly advised and further that his attorney, who accompanied him to the grand jury room likewise advised him of his constitutional rights. The motion is denied. It abundantly appears that his testimony was given freely and voluntarily with full knowledge of his constitutional rights.

### 2. MOTION FOR BILL OF PARTICULARS

In this instance, too, the defendant seeks minutiae of the conspiracy count, to which he is not entitled. The motion for a bill of particulars is granted only to the following extent:

The Government shall furnish with respect to overt act 8, insofar as it names Kassel, the same information as that ordered in the instance of the defendant Schneps.

As to overt act 4, set forth, if known, the name of the person or persons with whom the defendant Kassel spoke or had any transaction relating to the subject matter of the alleged conspiracy while in Hong Kong, B.C.C.

With respect to each substantive count, the Government shall furnish the same information as that ordered in the instance of the defendant Cronin.

### MOTIONS OF THE DEFENDANTS NOMURA (AMERICA) CORP., HASEGAWA and KUROSHIMA

█ These defendants have served no motions or accompanying affidavits as required by the Rules, but have been con-

9. 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911).

tent to ride along on the motions made on behalf of the defendants Kassel and Cronin. This is a practice not to be encouraged, particularly in a criminal case where the factual situation pertaining to each defendant differs. The motions should be denied for failure to comply with the Rules; however, since the Court has directed the service of a bill of particulars upon the defendants Cronin and Kassel, a similar bill, insofar as it is applicable to the respective situations of the moving defendants, shall likewise be served. Otherwise the motions are denied in all respects.