The UNITED STATES of America, Plaintiff,

v.

Mark S. WAGGENER, Defendant.

Cr. A. 14515.

United States District Court
D. Colorado.

Jan. 12, 1956.

Donald E. Kelley, U. S. Atty., Robert D. Inman, Asst. U. S. Atty., for plaintiff.

Means, Means & Roberts and Stanley H. Johnson, Denver, Colo., for defendant.

KNOUS, Chief Judge.

The defendant was charged with making a false statement to the Federal Housing Administration for the purpose of influencing its action, in violation of Title 18 U.S.C.A. § 1010. The indictment was filed May 27, 1955, and alleges the offense to have been committed on or about the 18th day of February, 1952. The defendant has filed a motion to dis-

miss the indictment, asserting in the first paragraph thereof that the statute of limitations has run, and in the second and third paragraphs, in effect, that the indictment fails to state an offense against the United States. Both parties having submitted briefs directed to the allegations of the motion, it now stands ready for disposition.

 Proceeding to that part of the motion which is based upon the statute of limitations, it is to be noted that more than three years had elapsed between the date of the alleged offense and the return date of the indictment. It is the contention of the defendant that the general statute of limitations on offenses not capital of three years, Title 18 U.S.C.A. § 3282, has not been amended, and that § 10 of chapter 1214—Public Law 769 [H.R. 9909], in extending the statute to a period of five years, is applicable only to those offenses defined by the statute of which it is a part.

The aforementioned statute is entitled "An Act to prohibit payment of annuities to officers and employees of the United States convicted of certain offenses, and for other purposes." Section 10 thereof reads as follows:

"(a) Section 3282 of title 18 of the United States Code is amended by striking out 'three' and inserting in lieu thereof 'five'. (b) The amendment made by subsection (a) shall be effective with respect to offenses (1) committed on or after the date of enactment of this Act, or (2) committed prior to such date, if on such date prosecution therefor is not barred by provisions of law in effect prior to such date."

The act became law on September 1, 1954. Thus, Section 3282 of Title 18 U.S.C.A. now reads as follows:

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed. As amended Sept. 1, 1954, c. 1214, § 10(a), 68 Stat. 1145."

The defendant predicates his argument upon the legislative history of the Act. Although the Court has examined with care the numerous references to the Congressional Record and committee reports submitted to it by the parties, plus additional research upon its own initiative, it has found that such study is not particularly helpful with respect to a legislative enactment which could not be expressed more explicitly. It requires no citation of authority for the proposition that judicial interpretation of acts of Congress should include a reference to legislative history only in case of ambiguity. Here it is clear that Congress has extended the three year general statute of limitations to five, and the language of the Supreme Court in Adams Exp. Co. v. Commonwealth of Kentucky, 1915, 238 U.S. 190, 199, 35 S.Ct. 824, 826, 59 L.Ed. 1267, precludes any other holding.

"It is elementary that the first resort, with a view to ascertaining the meaning of a statute, is to the language used. If that is plain there is an end to construction, and the statute is to be taken to mean what it says."

The United States District Court for the District of New Jersey has recently had occasion to determine this identical question raised by certain defendants who were indicted under 18 U.S.C.A. § 1010, in United States v. Kurzenknabe, 136 F.Supp. 17. Judge Wortendyke, speaking for that court, held, as is concluded here, that the amendment of 18 U.S.C.A. § 3282 is general in nature, and not restricted to the Act in which it was contained.

 With reference to the second and third paragraphs of the motion, defendant's brief contains this statement: "Argument upon this subject necessitates a reference to assumed facts, which may be brought out by evidence or affidavits in connection with this hearing upon the Motion, or at the trial, as the

court determines." Thus, the matter is one of proof incident to a trial, and so, without reference to the merit of defendant's contentions, any ruling other than a denial of the motion in this regard would at this time be premature. Therefore, it is

Ordered and adjudged that defendant's motion to dismiss the indictment be, and the same is hereby denied.