**UNITED STATES of America**

v.

**Samuel VIDAL.**

**Crim. No. 10-57.**

United States District Court
D. Puerto Rico,
San Juan Division.
May 23, 1957.

Ruben Rodriguez, Antongiorgi, U. S. Atty., Francisco A. Gil, Jr., Asst. U. S. Atty., San Juan, P. R., for plaintiff.

David Curet Cuevas, Santurce, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action is before the court on two motions of defendant, i. e. one to have the whole indictment dismissed because it fails to state facts sufficient to constitute an offense against the United States of America, or else that count one thereof be dismissed because it is barred by the statute of limitations; and the other for a bill of particulars.

After hearing oral argument thereon the parties submitted briefs in support of their respective positions on said motions.

Due consideration has been given to said oral argument and briefs, the court being now duly advised in the premises.

1. As to the first ground of the motion to dismiss, the court is of the opinion that the indictment herein fully meets all of the requirements of the statute which the defendant is charged of having violated (Sec. 1341, Title 18 U.S. C.A.). The essential elements of the offense are shown in it by sufficiently informing him as to what he must meet in the preparation of his defense and with enough exactness to bar further proceedings against him for the same offense.

This is the established test. See: Webb v. U. S., 10 Cir., 1951, 191 F.2d 512; United States v. Sugarman, D.C., 1956, 139 F.Supp. 878.

2. As to the claim that count one of the indictment is barred by the statute of limitations, I find that under said count it is charged that the prohibited scheme was devised by defendant on or about June 24, 1952.

Section 3282 of Title 18 U.S.C.A., as amended by the Act of September 1, 1954, Ch. 1214, Sec. 10(a) (68 Stat. 1145), increased the period of limitations

for this type of offenses from 3 years to 5 years. Sec. 10(b) of the said amendatory act provided that "the amendment made (to Section 3282, Title 18 U.S.C.A.) by subsection (a) (of such act of Sept. 1, 1954) shall be effective with respect to offenses (1) committed on or after the date of enactment of this Act (Sept. 1, 1954), or (2) committed *prior* to such date, *if on such date prosecution therefor is not barred by provisions of law in effect prior to such date."* (Emphasis supplied.)

As on September 1, 1954, which was the date of enactment of said amendatory statute prosecution of the defendant herein for the prohibited scheme alleged in said count of the indictment to have been devised by him on June 24, 1952 was not yet barred by the limitation period of 3 years in effect until Sept. 1, 1954 (less than two years and three months had then elapsed), the amendatory act increasing said period to 5 years is effective with respect to said count, under the above quoted provision of Section 10, sub-section (b) (2) of the aforesaid amendatory statute.

Thus said charge is not barred. See: United States v. Kurzenknabe, D.C.N.J. 1955, 136 F.Supp. 17; United States v. Waggener, D.C.Colo.1956, 138 F.Supp. 107.

■ In the Kurzenknabe case, supra, the court passed on the constitutional question here raised by defendant stating, that inasmuch as the original statutory period of limitations had not yet expired as to the offense there charged, when the amendatory statute was enacted, the application of the latter to the defendant therein did not offend the prohibition of the Constitution against ex post facto laws (U.S.C.A.Const. Art. 1, Sec. 9, Cl. 3).

■ 3. As to the request for a bill of particulars, the court is satisfied that the indictment furnishes the defendant all the particulars he is entitled to, clearly and unequivocally, and that most of the information that defendant is requesting is peculiarly within his knowl-

edge or he is in better position to obtain it through an inspection of his own records.

Therefore, both said motions of the defendant must be and they are hereby denied.

It is so ordered.