**UNITED STATES of America,**
**Appellee,**

v.

**Henry Paul Norman CARON and Michael Joseph Castello, Defendants-Appellants.**

**No. 251, Docket 25039.**

United States Court of Appeals Second Circuit.

Argued March 2 and 3, 1959.

Decided April 20, 1959.

Lee W. Meyer, New York City (Florence M. Kelley, New York City, on the brief), for defendant-appellant Henry Paul Norman Caron.

Abraham H. Brodsky, New York City (Lee W. Meyer, New York City, on the brief), for defendant-appellant Michael Joseph Castello.

Marie L. McCann, Asst. U. S. Atty., for Eastern District of New York, Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty., and Richard B. Cooper, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y., on the brief), for the United States.

Before MEDINA and HINCKS, Circuit Judges, and MATHES, District Judge.[*]

HINCKS, Circuit Judge.

The only question presented by this appeal arises from the admission, at trial, of the confession of one Henegan, a co-defendant tried and convicted in the same trial as these appellants. There was evidence which tended to show that on March 22, 1955, a lone man armed with a gun partly concealed by an umbrella held up a teller at the Liberty Avenue Branch of the Bank of Manhattan and escaped with $3,320. The teller identified Henegan as the robber. And Henegan confessed to agents of the F.B.I. His confession identified Caron as the instigator and planner of the crimes charged and as the driver of the stolen car which was used both to and from the scene of the robbery. His confession also identified Castello's apartment as the headquarters of the conspiracy which was used for the disposal of clothes worn during the robbery and for the division of spoils. It also recited that Castello received a share of the booty.

The prosecution's case against the appellants rested heavily upon the testimony of two witnesses, Held and Becker. Neither was a participant in the conspiracy. Becker testified that he had known Caron for several years, had met him in New York the day after the robbery; that at that time and during the next few days, Caron described the robbery to Becker in some detail and admitted his participation; and that he had also met Castello in Henegan's company during this period. Held testified that he had met Caron at Riker's Island Penitentiary and that Caron had disclosed to him there that he had robbed the bank with details as to the planning and execution of the robbery. Held also testified that he had met Castello in the Bronx City Prison where Castello admitted his part in planning the robbery.

The appellants urge that there was no substantial evidence, aside from Henegan's confession, that they were guilty of the conspiracy or as accessories to the robbery. But Held's and Becker's testimony provided, we think, substantial evidence of their participation. Both Held and Becker had criminal records and both had motives for testifying favorably to the prosecution. But their credibility was tested by intense and thorough examination and cross-examination. It was, of course, for the jury to say whether it believed their accounts of Caron's and Castello's admissions. On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270; Hedger v. Reynolds, 2 Cir., 216 F.2d 202, 203. The admissions of each appellant were corroborated by independent evidence of the commission of the crime by the teller's identification of Henegan as the robber; by evidence of the subsequent recovery of the stolen car in back of Castello's apartment; by Becker's direct testimony that while in Castello's apartment Castello

[*] United States District Judge for the Southern District of California, sitting by designation.

showed him a gun; by evidence that Caron had paid for an automobile later resold by Henegan; and by evidence that Caron was in possession of large quantities of money in April, 1955. We hold that quite independent of Henegan's confession there was ample competent evidence to satisfy the rule of Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, as to the corroboration of out-of-court admissions and that the evidence as a whole sufficiently supported the verdicts.

 The appellants argue, however, that it was reversible error to try these defendants together, in view of Henegan's confession. In this contention, they seek to distinguish, as they must to succeed, Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278. That case holds that where the issues and the evidentiary restrictions are simple and the jury is properly admonished, it does not constitute reversible error to try several co-defendants at once even though the confession of one, not binding upon the others, is received in evidence. See also Opper v. United States, supra, 348 U.S. at page 95, 75 S.Ct. 158, 99 L.Ed. 101. Here, to be sure, the admonitions were more frequent: on at least fifteen occasions during the trial, as well as in the court's charge, the jury was admonished that statements made by one defendant were inadmissible as evidence against the others. We cannot perceive, however, that these admonitions were essentially more difficult to understand and heed than in the Delli Paoli and Opper cases. Nor does the fact that the jury was out for only a short period of time support the inference that it was confused. Cf. Opper v. United States, supra, 348 U.S. at page 95, 75 S.Ct. 158, 99 L.Ed. 101. Indeed, the trial judge's careful instructions lend support to a contrary conclusion.

The chief ground of distinction urged upon us is that here the defendants made a timely motion for severance. To grant or deny such motion lies in the sound discretion of the trial court. Delli Paoli v. United States, supra; Opper v. United States, supra, 348 U.S. at page 95, 75 S. Ct. 158; United States v. Lebron, 2 Cir., 222 F.2d 531, certiorari denied 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774; Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193, certiorari denied 334 U.S. 853, 68 S.Ct. 1509, 92 L. Ed. 1775. In view of the cases cited, we cannot say that it was unreasonable or an abuse of discretion for the trial judge to conclude that these defendants could be tried together without unfairness amounting to prejudicial error. The mere fact that admissions by one defendant only have been made and will be received in evidence against him is not a conclusive ground for ordering the parties to be tried separately even though the admissions incriminate other defendants. Opper v. United States, supra; Lucas v. United States, 70 App.D.C. 92, 104 F.2d 225; Hall v. United States, supra, 168 F.2d at page 163.

██ Lastly, we conclude that the use which the prosecutor made of Henegan's confession in his summation, did not constitute reversible error. After all, Henegan as well as the appellants was on trial and the passages in the summation complained of referred to particular portions of the confessions as to which there was independent corroborative evidence. Such references were therefore a proper part of argument that as against Henegan the confession was truthworthy. This was a very different situation from that disclosed in People v. Lombard, 4 A. D.2d 666, 168 N.Y.S.2d 419, on which the appellants lean.

We conclude that all the claims of error are without substantial merit and that the trial was not unfair.

Each conviction is affirmed.[1]

---

1. The court wishes to extend its thanks to Mr. Lee W. Meyer who cheerfully accepted and ably discharged his assignment by the court to prosecute this appeal in behalf of the appellant Caron.