**UNITED STATES of America,**

v.

**HUNTER PHARMACY, INC., Isaac Wagman and Sidney Silver, Defendants.**

United States District Court
S. D. New York.
Jan. 22, 1963.

Robert M. Morgenthau, U. S. Atty. for S. D. New York, New York City, for the United States. John W. Mills, Asst. U. S. Atty., of counsel.

Seymour Shainswit, Leonard W. Wagman, New York City, for defendants.

WEINFELD, District Judge.

The Court has fully considered the extensive and somewhat discursive affidavits and voluminous briefs submitted in support of the defendants' motion to dismiss the information.

The defense of entrapment cannot be sustained as a matter of law since it is too obvious for discussion that a factual issue exists.

The claim of denial of due process and deprivation of constitutional rights is equally lacking in substance. Although section 305 of the Federal

Food, Drug, and Cosmetic Act [1] does not require as a prerequisite to criminal prosecution that an alleged violator be given "an opportunity to present his views," such opportunity was granted to the defendants in the instant case.[2] This, however, did not require a full dress trial with all the formal attributes thereof, but a fair opportunity to present their views. The record indicates that they were given reasonable notice of the alleged violations; they appeared by counsel; they not only presented their views thereat, but subsequently submitted an extensive written statement containing substantially all the matters adverted to in their lengthy affidavits on this motion, much of it of emotional content which serves no purpose as far as this motion is concerned.

■ The defendants claim that the failure of the administrative agency to implement section 306 of the Act is a denial of due process.[3] With respect to "minor violations," the Secretary of Health, Education and Welfare, where he believes a warning to the violator is sufficient to safeguard the public interest, is not required to report the matter for prosecution. The determination of whether a violation is of such a nature as not to require criminal prosecution to vindicate the public interest is entrusted to the judgment of the Secretary. In the instant case, the reference of the matter to the United States Attorney for prosecution is indication that he deems the offenses as other than "minor," or that he believes the public interest will not be adequately safeguarded by a warning. The statute nowhere commands, with respect to this section, that he establish rules and regulations for procedures to determine whether a warning instead of a prosecution or injunction serves to vindicate the public interest. The statute itself indicates the matter rests in his discretion.

■■ As to the defendants' contention that their constitutional right to a speedy trial has been denied, it appears the information was filed on June 6, 1962, and the present motion made fast upon its heels. The real burden of their complaint is that the offense occurred in 1959 and the information was not filed until almost three years after a hearing was granted them under section 305. While it appears that the matter moved through channels at a leaden-footed pace, the prosecution was commenced well within the statutory period of limitations. Obviously, until the information was filed, the defendants were in no position to demand that it be proceeded with, and thus bring themselves within the rule in this Circuit that a defendant seeking a dismissal of an indictment or information for lack of a speedy trial is required to exert efforts to accelerate the proceedings.[4] Assuming arguendo that the failure to file an information within a reasonable time after the facts are known to administrative and prosecuting authorities furnishes a basis for an appropriate motion, either under the Sixth Amendment to the Federal Constitution, or under Rule 48(b) of the Federal Rules of Criminal Procedure, the defendants, upon the facts here presented, have not made a showing of prejudice.[5] It does not appear that Horowitz or any other person who may have knowledge of the facts and whose testimony is material in support of the defense is presently or will be unavailable for trial, if indeed the defendants plan to call any of them.

This aspect of the motion is denied without prejudice to a renewal upon the trial, where the issues may be fully presented and a determination made against

1. 21 U.S.C. § 335 (1958).

2. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943).

3. 21 U.S.C. § 336 (1958).

4. United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); United States v. Kaufman, (2 Cir., 1963), 311 F.2d 695.

5. Compare United States v. Brown, 188 F.Supp. 624 (S.D.N.Y.1960).

the background of the trial as to whether or not in fact, by reason of inability to obtain witnesses, or for other reasons, the delay has been prejudicial to the defendants in meeting the charges against them.[6]

The Court has considered all other contentions of the defendants and likewise finds them wanting.

The motion is denied as indicated herein.

---

6.  See United States v. Dillon, 183 F.Supp. 541 (S.D.N.Y.1960).