**UNITED STATES of America**

v.

**GILBAR PHARMACY, INC.,** Alexander Giller, Leonard Barnett and Nicholas DeJoria, Defendants.

United States District Court
S. D. New York.

Sept. 16, 1963.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for the United States; John W. Mills, Asst. U. S. Atty., of counsel.

McMahon & Condon, White Plains, N. Y., for defendants; Daniel F. McMahon, White Plains, N. Y., of counsel.

FEINBERG, District Judge.

Defendants are a corporation operating a pharmacy, two of its principals, and an employee. They are charged in a fourteen count information filed against them on July 3, 1963, both with making sales of drugs without a prescription and refilling prescriptions without authorizations from the prescribers in violation of the Federal Food, Drug, and Cosmetic Act ("the Act"). Two motions are before the Court: a motion to dismiss brought on behalf of all the defendants on the ground that the information is barred by the statute of limitations and laches, and, in the alternative, a motion to have the individual defendants severed and tried separately.

The information under attack supersedes a ten count information filed against defendants on April 17, 1962, and incorporates both the original ten counts and four additional counts (Counts 1, 2, 8, and 13). The corporate defendant is named in each of the fourteen counts of the information; one of the principals in seven counts, the other in five counts, and the employee is named in two counts.

In support of their motion to dismiss, defendants argue that a three year stat-

ute of limitations is applicable to the offense charged. If the limitation is three years, the information is clearly barred, since all of the offenses are alleged to have occurred before April 30, 1960.

Prior to 1954, criminal prosecutions under the Act were limited by the general three year non-capital criminal statute of limitations (18 U.S.C. § 3282). United States v. J. L. Hopkins & Co., 199 F. 649 (E.D.N.Y.1912). This statute of limitations, lengthened in 1954 to five years, now states:

> "*Except as otherwise expressly provided by law,* no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." (Emphasis added.)

Defendants argue that the *amended* general non-capital criminal statute of limitations should not be applied to offenses under the Act. Support is sought to be drawn from a lack of authority applying Section 3282, as amended, to this type of offense, from alleged contrary Congressional intent, and from the exception clause to Section 3282. The Government's position is that the amended five year statute of limitations is applicable, and, therefore, the motion to dismiss should be denied, because all the offenses charged allegedly occurred within the five years preceding the filing of the information.

I hold that the amended five year statute of limitations governs, not the former three year period. It is true that there is a dearth of authority on this question. However, this may be due to the fact that the language of the amended five year statute is so clearly general in application that defendants are the first to make this argument. Defendants do not cite any case in which a court has accepted their position or in which the position was even argued. Thus, the absence of overwhelming authority does not compel me toward either position.

In point is United States v. Hunter Pharmacy, Inc., 213 F.Supp. 323 (S.D. N.Y.1963), involving the refilling of prescriptions without obtaining authorization from the prescriber, one of the precise offenses charged in this case. Eight of the eleven counts in the information were based on acts which occurred more than three years prior to the filing of the information.[1] In that case defendants alleged that their constitutional right to a speedy trial had been denied. The Government's contention that the applicable statute of limitations for the offense charged was five years under Section 3282, as amended,[2] was not disputed by defendants.[3] In accepting the Government's position, Judge Weinfeld stated (213 F.Supp. at 324):

> "As to the defendants' contention that their constitutional right to a speedy trial has been denied, it appears the information was filed on June 6, 1962, and the present motion made fast upon its heels. The real burden of their complaint is that the offense occurred in 1959 and the information was not filed until almost three years after a hearing was granted them under section 305. While it appears that the matter moved through channels at a leaden-footed pace, the prosecution was commenced well within the statutory period of limitations."[4]

Defendants' other arguments in favor of a three year statute of limitations are

1. Information No. 62 Cr. 517, United States v. Hunter Pharmacy, Inc., 213 F. Supp. 323 (S.D.N.Y.1963).

2. Memorandum of Law in Opposition to Motion to Dismiss, p. 13, United States v. Hunter Pharmacy, Inc., supra.

3. Memorandum in Support of Defendant's Motion to Dismiss, pp. 79–81; Memorandum in Reply, p. 27, United States v. Hunter Pharmacy, Inc., supra.

4. Defendants' only citation of authority is "CCH Food, Drug, & Cos.Rep. (topical note 6325, 89)." But see, 1 CCH Food, Drug, & Cos.Rep. ¶ 2211.

even less persuasive. It is urged that Congress did not intend a limitation greater than three years to apply to offenses under the Act. However, it is conceded [5] that the three year general non-capital criminal statute of limitations was applicable to such offenses before the 1954 amendment. Defendants do not refer to any legislative history indicating that Congress after 1954 no longer desired the general non-capital criminal statute of limitations to be applied to this type of offense. Cf. Roberts v. United States, 239 F.2d 467 (9 Cir. 1956); United States v. Waggener, 138 F.Supp. 107 (D.Col.1956); United States v. Kurzenknabe, 136 F.Supp. 17 (D.N.J. 1955). Since the general statute of limitations clearly applied prior to the 1954 amendment, something stronger than defendants' belief should be urged to convince this Court that Congress has singled out offenses under the Federal Food, Drug, and Cosmetic Act and impliedly excepted them from the general five year statute of limitations.

This applies as well to defendants' final contention that Section 3282 is inapplicable because of the proviso that the five year period applies "except as otherwise expressly provided by law." Defendants concede that a three year period is not otherwise expressly provided by statute, but urge that a three year period was part of the case law prior to the amendment to Section 3282 and that it is, therefore, a period "otherwise expressly provided by law." This argument goes too far; its effect would be to create a three year statute of limitations for every offense which by judicial construction was governed by the general non-capital statute of limitations prior to the 1954 amendment to Section 3282. Such an interpretation of the 1954 amendment to Section 3282 would create a scheme of limitations entirely different from the one Congress apparently adopted, and hence is rejected.

As an additional ground in support of its motion to dismiss, defendants urge laches. In this respect, the motion is more properly one under Rule 48(b), Fed. R.Crim.P. Defendants argue that since the Government knew of the additional four allegedly illegal sales, added in the superseding information filed on July 3, 1963, at the time of the filing of the original information on April 17, 1962, the subsequent information should be dismissed since "the government must be prevented from prejudicing the defendants by its own procrastination in bringing the new information." Upon oral argument, the Government explained that although it had knowledge of the four additional sales at the time of the filing of the original information, it believed that evidence of additional sales could be introduced at trial, although these sales were not alleged in the complaint. However, after this belief proved erroneous in United States v. Hunter Pharmacy, supra, a new information was filed which included all of the allegedly illegal sales.

In United States v. Hunter Pharmacy, supra, the Court rejected a similar motion on the grounds that there was insignificant prejudice shown.[6] I cannot say that there has been a stronger showing of prejudice here. Certainly at this stage of the proceeding, the record is such that a motion to dismiss based on prejudice should be denied, subject to renewal at trial, if defendants are then able to establish that delay has been prejudicial.

Defendants alternatively move for severance of the information so that each individual defendant may be tried separately. A similar motion has previously been presented to this Court in connection with the preceding ten count information. On May 16, 1962, Chief Judge

---

5. Defendants' Memorandum in Support of Motions, p. 6.

6. It was alleged that "employees who worked for defendants at the time of the commission of the alleged offenses, and who could have testified on defendants' behalf, have moved away, are missing, or are otherwise inaccessible." Memorandum in Support of Defendants' Motion to Dismiss, p. 7, United States v. Hunter Pharmacy, Inc., supra.

Ryan denied the motion addressed to the superseded information stating:

"This 10-count Information charges all defendants with violation of Title 21 in the sale of drugs without a prescription. The corporate defendant is named in all counts: Counts 1, 2, 3 and 7 charge the corporate defendant and defendant LEONARD BARNETT (one of its officers) with four sales of drugs on three different dates; Counts 4, 5, 6 and 9 charge the corporate defendant and defendant ALEXANDER GILLER (its president) with four sales of drugs on three different dates; and Counts 8 and 10 charge the corporate defendant and defendant NICHOLAS DeJORIA, its employee, with two sales of drugs on two dates. The sales of four different drugs are alleged to have taken place within a period of six weeks; the violation charged in each count is the same and the defendants are closely related to one another as officers and employee of the corporate defendant respectively. In fact, defendant states that the testimony of the two corporate officials would be necessary for the defendant DeJoria. Although no conspiracy is charged, the allegations support proof of a common course of conduct as part of a common plan or scheme.

"Because of the identity of the offenses, the proximity of their commission and the relation of the defendants to one another, the interests of justice require that they be tried together. Very simple instructions can obviate any possible confusion between the corporate and the individual defendants."

The information which defendants now challenge adds four counts, but is otherwise the same as the information on which Chief Judge Ryan ruled. The reasons for that ruling are equally applicable here, and the addition of four counts does not require a different result. The question of whether separate trials should be granted under Rule 14, Fed.R.Crim.P., is clearly one for the discretion of the Court. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). All fourteen counts of the information charge almost identical crimes, and all fourteen sales allegedly occurred in the same pharmacy within a six week period. It would appear that the prejudice suggested by joinder can be dealt with either by appropriate instructions at the trial or by other action which the trial judge might regard as warranted. Cf. United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y. 1962), aff'd, 317 F.2d 459 (2 Cir. 1963). It should be noted that severance has been denied in other cases where there were seemingly stronger reasons in support of the request than are present here. United States v. Caron, 266 F.2d 49 (2 Cir. 1959); United States v. American Stevedores, Inc., 16 F.R.D. 164, 169 (S.D.N.Y.1954). Accordingly, defendants' motions to dismiss or to sever are denied.

So ordered.