**UNITED STATES of America**
v.
**Roy M. COHN and Murray E. Gottesman,
Defendants.**

United States District Court
S. D. New York.
May 11, 1964.

See also D.C., 230 F.Supp. 589.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, Gerald Walpin, Asst. U. S. Atty., for the Government.

Henry K. Chapman, New York City, for defendant Gottesman.

Thomas A. Bolan, New York City, for defendant Cohn.

BONSAL, District Judge.

This case was first tried before Judge Dawson and a jury, and while the jury was deliberating a mistrial was declared on April 19, 1964 due to the death of the father of one of the jurors.

The conspiracy count (Count One of the indictment), which alleged that the two defendants, Cohn and Gottesman, had conspired to commit perjury and to obstruct justice, was dismissed by Judge Dawson "as a matter of law" just before the case went to the jury at the end of the first trial. This was the only count asserted against both defendants. Retrial has been scheduled for June 9, 1964.

In view of the dismissal of the conspiracy count, defendant Gottesman has moved for a severance under Rule 8(b), Fed.R.Crim.P., on the ground that the substantive counts asserted against him (Counts Nine and Ten of the indictment), are improperly joined with the remaining counts asserted against defendant Cohn,[1]

1. "Rule 8. Joinder of Offenses and of Defendants.
\* \* \* \* \* :
"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

and under Rule 14, Fed.R.Crim.P., on the ground that he is prejudiced by a joinder with Cohn.[2]

There remain nine counts in the indictment: three charge Cohn with perjury; four charge Cohn with obstructing justice; and two charge Gottesman with perjury. All of these counts relate to Grand Jury proceedings resulting from an investigation by the government into dealings in the securities of United Dye and Chemical Corporation. The two perjury counts in which Gottesman is named (Counts Nine and Ten) charge that Gottesman testified under oath before a Grand Jury on June 8 and June 18, 1962, and again on July 31, 1963, with respect to a meeting in a hotel which he attended, together with Cohn, Garfield and Swan, when according to the indictment, no such meeting was held. One of the perjury counts against Cohn (Count Four) charges Cohn with having testified under oath before a Grand Jury on April 5, 1963 regarding the same hotel meeting with the same persons present, when according to the indictment, no such meeting was held. In these counts, therefore, the government is charging Cohn and Gottesman with committing perjury with respect to a meeting which they both testified they were instrumental in arranging and in which they both participated.

■ Defendant Gottesman, in claiming improper joinder of these perjury counts, relies on United States v. Charnay, 211 F.Supp. 904 (S.D.N.Y.1962), where Judge Weinfeld ordered severance of the trials of three defendants charged with perjury, finding improper joinder. However, in Charnay there was no showing that the defendants (1) participated in the same act or transaction, or (2) that they participated in the same series of acts constituting an offense. In Charnay, defendants made separate denials

of knowledge of certain facts, while here defendants Gottesman and Cohn allegedly testified falsely as to the same alleged transaction, viz., a meeting in a hotel with the same participants, including themselves. Here the government's proof as to Counts Four, Nine and Ten will necessarily be substantially the same. Hence, the joinder of these counts is clearly proper under Rule 8(b). Cf. United States v. Gilbar Pharmacy, Inc., 221 F.Supp. 160 (S.D.N.Y.1963); United States v. Verra, 203 F.Supp. 87 (S.D. N.Y.1962).

■ Rule 14 authorizes the Court, in its discretion, to grant a severance if it finds that a defendant is prejudiced by the joinder. Opper v. U. S., 348 U. S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Gottesman contends that he is prejudiced because of (1) the publicity given to Cohn before, during and immediately after the first trial, including Cohn's alleged statement to the press that he is a "controversial person", and (2) the fact that Cohn is charged in several other counts with perjury and obstruction of justice, the evidence on which might "spill over" and "blacken" Gottesman.

■ These claims of prejudice presuppose either that the jury at the second trial will be so prejudiced with respect to Cohn and that this will carry over to Gottesman, or that the jury will not be able to "departmentalize" the evidence against Cohn and the evidence against Gottesman, and separately consider their respective guilt or innocence.

There are no complicated questions to be considered by the jury. No sufficient reason has been advanced why the jury, under proper instructions, cannot consider the two perjury counts against Gottesman separately from the remaining counts against Cohn. Nor does the Court believe that publicity will preclude

2. "Rule 14. Relief from Prejudicial Joinder.

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

the jury from performing its sworn duty to treat each defendant separately and to decide his guilt or innocence solely on the basis of the evidence presented at the trial.

If the publicity here with respect to the crimes charged in the indictment or with respect to the first trial had been inspired by the government, defendant's claim for relief from this publicity would be greatly strengthened. See Delaney v. U. S., 199 F.2d 107 (1st Cir. 1952).[3] Here the publicity was generated in large measure by the press itself because of public interest in the earlier career of the defendant Cohn and in the evidence brought out during the course of the first trial. Further publicity may be expected whether the defendants are tried together or separately. As was said in United States v. Dennis, 183 F.2d 201, 226 (2d Cir. 1950), aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951):

"[I]t is urged that it was impossible in any event to get an impartial jury because of the heated public feeling against Communists. That such feeling did exist among many persons—probably a large majority —is indeed true; but there was no reason to suppose that it would subside by any delay which would not put off the trial indefinitely. The choice was between using the best means available to secure an impartial jury and letting the prosecution lapse. It was not as though the prejudice had been local, so that it could be cured by removal to another district; it was not as though it were temporary, so that there was any reasonable hope that with a reasonable continuance it would fade. Indeed, as it turns out, it is probable that the trial was at a less unpropitious time than any that has succeeded it, or is likely to follow. Certainly we must spare no effort to secure an impartial panel, but those who may have in fact committed a crime cannot secure immunity because it is possible that the jurors who try them may not be exempt from the general feelings prevalent in the society in which they live; we must do as best as we can with the means we have."

A motion for a severance under Rule 14 is addressed to the sound discretion of the Court, Opper v. U. S., supra; Slocum v. U. S., 325 F.2d 465, 467 (8th Cir. 1963), and a defendant must make a strong showing of prejudice in order to obtain this relief. Gorin v. U. S., 313 F.2d 641, 645 (1st Cir.), cert. denied, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963). Defendant Gottesman has not made such a showing of prejudice, and in the exercise of the Court's discretion his motion is denied.

It is so ordered.

---

3. United States ex rel. Brown v. Smith, 200 F.Supp. 885 (D.Vt.1962), also cited by defendant, was reversed on the ground for which it was cited. 306 F.2d 596 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1012, 10 L.Ed.2d 11 (1963).