**UNITED STATES of America**

v.

**Roy M. COHN and Murray E. Gottesman.**

United States District Court
S. D. New York.
May 26, 1964.

**590**

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, by Gerald Walpin, Donald J. Cohn, Asst. U. S. Attys., for the Government.

Frank G. Raichle, Buffalo, N. Y., Thomas A. Bolan, John F. Lang, New York City, for defendant Cohn.

BONSAL, District Judge.

At a conference with the attorneys held on April 29, 1964, the Court set this case down for trial on June 9, 1964. At the time of the conference, Mr. Raichle, attorney for defendant Cohn, asked for and was granted leave to file material in support of his informal application for a postponement of the trial until the fall. On May 15, 1964, an affidavit by Mr. Raichle, dated May 14, 1964, was filed in support of a proposed motion by defendant Cohn for a continuance until the fall or, in the alternative, for a change of venue under Fed.R.Crim.P. 21 (a).

A further conference was had with the attorneys on May 19, 1964, at which Mr. Raichle on behalf of defendant Cohn moved for such a continuance or, in the alternative, for a change of venue, for the reasons stated in his affidavit of May 14. At this conference the United States Attorney and defendant Gottesman were given until May 22, 1964 to file papers on the motion. The United States Attorney filed an opposing affidavit and a memorandum of law, and defendant Gottes-man filed no papers, having previously furnished the Court with affidavits, a memorandum of law and copies of newspaper clippings in connection with his motion for severance.[1]

Defendant Cohn filed a letter dated May 19, 1964, signed by Thomas A. Bolan, Esq. on his behalf, citing certain authorities on which defendant Cohn relies in support of his motion. In addition defendant Cohn filed a letter dated May 25, 1964, signed by Saxe, Bacon & O'Shea, replying to the Government's opposing papers.

■ The Court has carefully considered the foregoing papers. It appears undisputed that beginning with the McCarthy hearings in the early '50s defendant Cohn has received considerable attention in the press, and that the first trial of this indictment was widely reported.

The Court is not persuaded that the publicity called to its attention by defendant Cohn or by defendant Gottesman precludes the selection of a fair and impartial jury. United States v. Hoffa, 156 F.Supp. 495 (S.D.N.Y.1957). This case does not involve a crime of violence which inflames public opinion against a defendant as in United States v. Dioguardi, 147 F.Supp. 421 (S.D.N.Y.1956), involving an acid throwing attack on a newspaper columnist, and United States ex rel. Bloeth v. Denno, 313 F.2d 364 (2d Cir.), cert. denied, 372 U.S. 978, 83 S.Ct. 1112, 10 L.Ed.2d 143 (1963), involving murder.

There is no reason to believe that a continuance is necessary to assure an impartial jury, and it may be expected that defendant Cohn will continue to receive coverage in the press regardless of when the trial is held. Cf. United States v. Hoffa, supra, 156 F.Supp. at 500.

■ Since much of the publicity called to the Court's attention is nationwide in that it appeared either in publications of national circulation or in New York papers having a substantial out-of-town circulation, no useful purpose would be

1. The motion for severance had been denied in a memorandum decision dated May 11, 1964, D.C., 230 F.Supp. 587.

served by a change of venue. Cf. United States v. Bonanno, 177 F.Supp. 106, 122 (S.D.N.Y.1959), rev'd on other grounds, 285 F.2d 408 (2d Cir.1960).

As the Court stated to counsel on April 29, 1964:

"[I]t seems to me that the defendants' interest and indeed the public interest requires that this matter go forward as soon as it reasonably can. I think it is unfortunate for a man to have something hanging over him as to which a jury has disagreed. He is entitled to a fair trial. He is entitled to vindication if he is not guilty of the charge.

"And by the same token the Government is entitled, it seems to me, to ask that he be tried and the jury determine his guilt or innocence at the earliest possible date."

Therefore, the Court adheres to its ruling fixing June 9, 1964 as the date of trial. Defendant Cohn's motion for a continuance or for a change of venue is denied.

It is so ordered.