**UNITED STATES of America,**

v.

**Michael Joseph CASTELLO, Petitioner.**

**No. 69 C 55.**

United States District Court
E. D. New York.

June 16, 1969.

Vincent T. McCarthy, U. S. Atty., Eastern District of New York, by Stuart B. Stillman, Asst. U. S. Atty., for the United States.

Anthony F. Marra, New York City, for petitioner; by Milton Adler, and Gretchen White Oberman, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The petitioner, now in Federal custody, pursuant to 28 U.S.C. § 2255, presents an application to vacate and set aside the judgment of conviction entered against him on April 26, 1957 and for leave to proceed in forma pauperis.

He and his co-defendants, Albert Henegan and Henry P. N. Caron, were found guilty after a jury trial on all three counts of an indictment charging them with conspiring to rob a bank, aiding and abetting in the commission of the robbery and putting the life of the bank teller in danger, during its commission.

At the trial, the petitioner's motion for a severance was denied. The judgment of conviction was affirmed on appeal. See United States v. Caron and Castello, 2 Cir., 266 F.2d 49. It was therein held that the denial of the motion was in the sound discretion of the Court. See also Morgan v. United States, 9 Cir., 380 F.2d 686, certiorari denied in 390 U.S. 1008, 88 S.Ct. 1249, 20 L.Ed.2d 110.

The petitioner's principal claim for relief is that the trial court erred in ad-

mitting into evidence the post conviction confession of co-defendant, Henegan, implicating petitioner. Henegan did not testify. The petitioner relies upon the cases of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100. The judgment of conviction in Bruton was set aside. The Court held that the confession of one Evans, implicating Bruton was erroneously received in evidence in that it violated the latter's right of cross-examination, secured by the confrontation clause of the Sixth Amendment. In Roberts v. Russell, supra, it was held that the ruling in Bruton was retroactive.

In Bruton, the only evidence implicating him was co-defendant Evans' confession, testified to by a postal inspector. In the case at bar, there was independent evidence of Castello's guilt.

In Bruton, 391 U.S., at page 135, 88 S.Ct., at page 1627, the Court stated:

"Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions. * * * It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information."

■ The Bruton exclusionary rule is not applicable to a case where guilt is established by evidence, other than the confession. In Harrington v. State of California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, decided June 2, 1969, the Supreme Court said:

"Each of his [Harrington's] three co-defendants confessed and their confessions were introduced at the trial with limiting instructions that the jury was to consider each confession only against the confessor. * * *

"But apart from them [the confessions] the case against Harrington was so overwhelming that we conclude that this violation of Bruton was harmless beyond a reasonable doubt * * *."

Upon the appeal of the subject judgment of conviction, reported as aforesaid in 266 F.2d 49, the Court of Appeals for this Circuit said:

" * * * on at least fifteen occasions during the trial, as well as in the court's charge, the jury was admonished that statements made by one defendant were inadmissible as evidence against the others."

In United States ex rel. Catanzaro v. Mancusi, 2 Cir., 404 F.2d 296, the Court said:

"The reasoning of Hill [United States ex rel. Hill v. Deegan, D.C. 268 F.Supp. 580] and Bruton is not persuasive here. Both of those cases involved a defendant who did not confess and who was tried along with a defendant who did. In our case Catanzaro himself confessed and his confession interlocks with and supports the confession of McChesney."

## EVIDENCE, INDEPENDENT OF CO-DEFENDANT HENEGAN'S CONFESSION, ESTABLISHED THE PETITIONER'S PARTICIPATION IN THE ROBBERY OF THE BANK.

■ The transcript of the minutes of the trial comprises 520 pages. It seems appropriate to refer to and quote extracts therefrom.

It is not disputed that on March 22, 1955, a robbery was committed at the Liberty Avenue Branch of the Bank of Manhattan Company, then located in Ozone Park, Queens County.

The witness, Helen Schonfeld, a teller in the bank, identified co-defendant, Albert Henegan, as the lone gunman, who entered and robbed the bank (16–19).

The witness, John Joseph Becker, identified the defendants Henegan, Caron and Castello (125–133).

Becker testified, in part, viz:

"Q. Now, Mr. Becker, I direct your attention to March 22, 1955, and ask you if you can recall that day?

"A. Yes, sir.

* * * * * *

"Q. After you arrived in New York [at about 8 or 9 P.M.], can you recall what you did?

"A. I checked into the Y.M.C.A., Central Branch of Brooklyn.

* * * * * *

"Q. Now, the next morning, the morning of the 23rd, did you have occasion to meet somebody?

"A. Yes.

"Q. Will you tell us who that person was?

"A. Henry Caron.

* * * * * *

"Q. How long have you known Henry Caron?

"A. Oh, I met him in prison, I think it was either '52 or '53.

* * * * * *

"He told me the day before that him and a couple of other fellows pulled a bank job in Queens.

* * * * * *

"Q. Now, can you recall what bank that was referred to?

"A. Yes, it was the City Line Bank, Ozone Park.

* * * * * *

"Q. Now, within the next week or two, did you have occasion to visit someone's apartment?

"A. Yes, I did.

"Q. Did you visit that apartment alone or with someone else?

"A. With Henry Caron.

"Q. Whose apartment was that?

"A. Michael Castello.

"Q. Is that the Castello you identified?

"A. Yes.

* * * * * *

"Q. At that time would you tell us at this point what—were you shown something?

"A. I was.

"Q. At this time, Mr. Becker, I show you Government's Exhibit No. 5 in evidence, and I ask you whether you have ever seen that gun before (handing)?

"A. Yes.

"Q. Can you tell us approximately the first time you saw that gun?

"A. At Michael Castello's apartment.

"Q. Can you tell us who it was who showed it to you?

"A. Michael Castello.

"Q. Now, are there any particular features about that gun which you recognized as being the one shown to you by Michael Castello?

"A. Yes, the wooden handle and the crack in the split in the back or the letter T shape."

The witness, Ray B. Leinbach, the temporary secretary of the Y.M.C.A. testified that Becker registered there during the evening of March 22, 1955.

The witness, Robert Held, testified (267–290) that he had known Caron since October 1955 and had met Castello and Henegan; that Caron admitted that he accompanied Henegan to the bank and that Henegan entered and robbed it; that he, Caron, and Castello planned the robbery: that Castello gave him the gun that was used in the robbery; that he, Caron, stole the get-away car, a 1949 Ford and later dropped it off behind Castello's place.

Held further testified, as follows:

"Q. Mr. Held, did there come a time when you first met Michael Castello?

"A. Yes.

"Q. Can you recall when that was?

"A. The latter part of 1956.

"Q. Where were you located at that time?

"A. The Bronx City Prison.

* * * * * *

"Q. How much time in all can you recall were both yourself and Mr. Castello lodged in the Bronx City Prison?

"A. Say approximately three months.

* * * * * *

"Q. What was that conversation, sir? As best you can recall?

"A. It was about the robbery of the bank.

* * * * * *

"Q. What did Castello say to you concerning that robbery?

"A. That they had planned the robbery of this bank.

* * * * * *

"Q. Which bank was made reference to?

"A. Liberty Avenue, in Queens, Bank of Manhattan.

THE COURT OF APPEALS FOR THIS CIRCUIT ON THE APPEAL FROM THE JUDGMENTS OF CONVICTION HEREIN, REPORTED IN 266 F.2d 49, AS PREVIOUSLY MENTIONED, HAS RULED THAT, ASIDE FROM CO-DEFENDANT HENEGAN'S CONFESSION, SUBSTANTIAL EVIDENCE WAS INTRODUCED AT THE TRIAL OF THE PARTICIPATION OF CASTELLO AND HIS CO-DEFENDANTS IN THE COMMISSION OF THE CRIMES CHARGED.

The said Court, in part, stated:

"The prosecution's case against the appellants [Caron and Castello] rested heavily upon the testimony of two witnesses, Held and Becker.

* * * * * *

"It was, of course, for the jury to say whether it believed their accounts of Caron's and Castello's admissions.

* * * * * *

"Becker testified that he had also met Castello in Henegan's company during this period. * * * Held also testified that he had met Castello in the Bronx City Prison where Castello admitted his part in planning the robbery.

"The appellants [Caron and Castello] urge that there was no substantial evidence, aside from Henegan's confession, that they were guilty of the con-

spiracy or as accessories to the robbery. But Held's and Becker's testimony provided, we think, substantial evidence of their participation.

* * * * * *

"The admissions of each appellant were corroborated by independent evidence of the commission of the crime by the teller's identification of Henegan as the robber; by evidence of the subsequent recovery of the stolen car in back of Castello's apartment; by Becker's direct testimony that while in Castello's apartment Castello showed him a gun."

The petitioner's applications lack merit and are accordingly denied. It is so ordered.

Copies hereof have this day been forwarded to the attorneys for the parties.