**UNITED STATES of America,**
**Appellee,**

v.

**Michael Joseph CASTELLO, Appellant.**

**No. 722, Docket 34308.**

United States Court of Appeals,
Second Circuit.

Argued April 24, 1970.

Decided June 1, 1970.

---

Herbert Kramer, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty. for the Eastern District of New York, on the brief), for appellee.

Joel A. Brenner, New York City (Milton Adler, The Legal Aid Society, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and POLLACK, District Judge.*

POLLACK, District Judge:

Michael Joseph Castello appeals from an order of the Eastern District which denies his petition to set aside his conviction in that Court on April 26, 1957 for conspiracy to rob a bank, aiding and abetting in the commission of the robbery and putting the life of the bank teller in danger, during its commission.

The robbery was staged on March 22, 1955 at noontime by one, Albert Henegan, at the Liberty Avenue Branch of the Bank of Manhattan Company located in Ozone Park, New York. Armed with a Smith & Wesson snub-nose 38-calibre revolver which he exhibited to the bank teller, he announced a stick-up, instructed the teller to fill a paper bag with money and then made off with $3,320 placed in the bag. An accomplice, one, Henry Caron, waited for Henegan outside the bank and the two drove away in a stolen automobile.

Henegan was ultimately apprehended and then confessed to the robbery. In his confession he named Castello as well as Caron as his accomplices. The three were indicted and tried together and all were convicted. None of the defendants took the witness stand. The Henegan confession was recited, over objection, at the trial by two FBI agents. Castello was further implicated in an admission made by Caron which was testified to, over objection, by one, Robert Held.

The Henegan confession related that Henegan and Caron drove from the bank to Castello's apartment; that Castello acted as if he expected them; that they took off the green Army fatigue uniforms or coveralls which they had worn and Castello told them to leave these clothes there, that he would take care of them and destroy them; and that Castello was there paid a share of the stolen moneys. It was further testified that Henegan had recalled a subsequent conversation in which Castello indicated that he and another had staged an accident subsequent to the bank robbery so that Henegan and Caron could make their getaway.

The statement by Caron as testified to by Held was that Castello had planned the robbery with Caron and that Castello had supplied Caron with a gun.

The convictions of Castello and Caron were appealed to and affirmed by this Court on April 20, 1959. They urged on

---

* Of the Southern District of New York sitting by designation.

their appeals that, aside from Henegan's confession, the evidence that they were guilty of conspiracy or as accessories to the robbery was too insubstantial to support a conviction and further that it was error to try them together with Henegan, in view of Henegan's confession. United States v. Caron, 266 F.2d 49 (2d Cir. 1959).

This Court found on the prior appeal that quite independent of Henegan's confession there was ample competent evidence to corroborate the out-of-court admissions and that the evidence as a whole sufficiently supported the verdicts. Furthermore, this Court ruled that the failure to grant defendants' timely motion for a severance was a proper exercise of the discretion of the trial court.

Shortly after Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) was announced, Castello moved, unsuccessfully, to vacate the judgment of his conviction under Title 28 U.S.C. § 2255 on the ground that his Sixth Amendment right to confront his accusers and to cross-examine them was violated by the receipt in evidence of the confession and the statement of his co-defendants.

The doctrine of Bruton was made retroactive by Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). Consequently, the conviction of appellant cannot be upheld unless the plain violation of his constitutional rights was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). However reluctantly one may view retroactive principles when applied to ancient convictions, using the Bruton and Harrington tests, we are constrained to reverse the denial of the motion to vacate the conviction and to remand the case against Castello for a new trial.

Without the Henegan confession and Caron statement, the case against Castello rested on the testimony of Held and John Joseph Becker, neither of whom

was a participant in the criminal conspiracy.

Held simply stated that Castello had confided to him while both were incarcerated in the Bronx City Prison that "they [Castello and Caron] had planned the robbery of a bank," "the Liberty Avenue" bank, without giving any details. Becker testified that he had never had any conversation with Castello about the Liberty Avenue bank robbery. However, he related that while he was at Castello's apartment the latter exhibited a gun to him and he identified the weapon theretofore admitted in evidence as the one Castello showed him. The gun had been received in evidence in connection with the recital of Henegan's confession which stamped the gun as the one used in the robbery. The feature of the gun which Becker recognized was the wooden handle with a crack in the back shaped like the letter T. Nonetheless, there was no evidence admissible against Castello to connect the gun exhibited in Castello's apartment with the actual robbery; the statements of Henegan and Caron which were related at the trial by others provided the only connection. Caron said he obtained the gun that was used from Castello and Henegan said he obtained the gun he used from Caron. Neither of these statements was admissible against Castello.

Appellant's admissions did not "interlock with and support" Henegan's confession. Cf. United States ex rel. Catanzaro v. Mancusi, 404 F.2d 296 at 300 (2d Cir. 1968). Appellant's bare statement to Held was that he had planned the robbery, while Henegan's confession detailed efforts of appellant after the crime was consummated. Moreover, Becker and Held were witnesses of doubtful veracity; both were convicted felons and expected consideration for their testimony.

Even though there was independent evidence of appellant's connection with the crime, Harrington, supra, teaches that this is not enough. It cannot be

said on the record of the trial that the *Bruton* violation was harmless beyond a reasonable doubt.

Order reversed with directions to set aside the judgment of conviction.