**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Walter F. DURBIN, an Individual, trading and doing business as Walter Durbin Wholesale, Defendant.**

**Crim. No. 74–18.**

United States District Court,
E. D. Oklahoma,
Criminal Division.

March 25, 1974.

Betty Outhier, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Joe Stamper, Antlers, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Upon consideration of Defendant's Motion to Dismiss Information and the Plaintiff's Response thereto, the Court finds that the Motion should be overruled.

■ Defendant's interpretation of 21 U.S.C. § 374(a) as requiring a separate notice for each day of a multiple day inspection is incorrect. It is contended herein by Plaintiff that the inspection involved herein was conducted on Thursday, May 31, 1973, Friday, June 1, 1973 and Monday, June 4, 1973; that no inspection work took place on Saturday, June 2, 1973 or Sunday, June 3, 1973; that the Notice was dated May 31, 1973 and was effective until the inspection was completed and the required Report submitted. The written Report upon the completion of an inspection required by 21 U.S.C. § 374(b) covered the three days above mentioned and was submitted to Defendant by the Inspectors on the final day of the multiple-day inspection, namely, June 4, 1973. The Court finds and concludes that the three-day inspection was properly noticed and the Information should not be dismissed as requested by Defendant's Motion. Said Motion should be denied.

■ Defendant's Motion to Dismiss Count Two, Three and Four for lack of a hearing thereon as required by 21 U. S.C. § 335 is without merit and should be denied. The file reflects substantial compliance with said Statute. It appears the hearing was reasonably noticed, was held, the Defendant appeared and was afforded an opportunity to present his views. This is all that is required. United States v. Hunter Pharmacy, 213 F.Supp. 323 (S.D.N.Y.1963). Defendant's further Motion that all Counts be dismissed because notice of hearing did not mention rodent filth contamination is likewise without merit and should be denied. The Report of June 4, 1973 noted rodent problems in the warehouse. This was discussed at the hearing. There was substantial compliance with the Statute. Moreover, the complete lack of such a hearing is not fatal to the Information herein. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943); United States v. Andreadis, 234 F.Supp. 341 (E.D.N.Y.1964); United States v. Hunter Pharmacy, supra; United States v. Commercial Creamery Co., 43 F.Supp. 714 (E.D.Wash.1942).

■ Upon consideration of Defendant's Request for Part of Samples and Analysis of Samples, the Plaintiff acknowledges that Defendant is entitled to a part of the samples but resists Defendant's request for a copy of an analysis of the samples. Though it may be arguable whether Defendant is entitled to a copy of said analysis pursuant to 21 U.S.C. § 374(d) because he is not a manufacturer, processor or packer, it appears to the Court that such analysis would be a scientific test under Rule 16(a)(2), Federal Rules of Criminal Procedure, and is therefore discoverable under said Rule.

The Court sets March 29, 1974 at 10:00 o'clock A.M., in the office of the United States Attorney, Federal Building, Muskogee, Oklahoma as the time and place for delivery of a part of the samples and a copy of an analysis made by Plaintiff of same to the Defendant unless the parties otherwise mutually agree to a different time and place or method of delivery.